UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacintha Pollard,<br><br>　　　　　　　　　　Plaintiff,<br><br>-v-<br><br>The New York Methodist Hospital,<br><br>　　　　　　　　　　Defendant. | CV 13-3964<br>Civ. Action #:<br><br>**Complaint**<br><br>Date Filed: MATSUMOTO, J.<br><br>Jury Trial Demanded<br>REYES, M.J |

　　　　Plaintiff Jacintha Pollard, ("plaintiff" or "Pollard"), by Abdul K. Hassan, Esq., her attorney, complaining of the defendant The New York Methodist Hospital ("Methodist" or "defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by defendant and pursuant to the Family and Medical Leave Act ("FMLA") 29 USC § 2601 et seq., that defendant violated the FMLA, including 29 U.S.C § 2614, § 2615, when it terminated/discharged plaintiff's employment with it in retaliation/discrimination because plaintiff exercised her rights and engaged in protected activity under the FMLA. Plaintiff seeks the recovery of lost income including back pay and front pay, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorney's fees and costs, pursuant to 29 USC § 2617.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Family and Medical Leave Act pursuant to 29 U.S.C. § 2617 including 29 U.S.C. § 217(a)(2).

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 2617 including 29 U.S.C. § 2617(a)(2).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201,

2202.

## THE PARTIES

5. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

6. Upon information and belief, defendant The New York Methodist Hospital is a domestic not-for-profit corporation organized and existing under the laws of the State of New York and duly authorized to do business in New York.

7. Upon information and belief, and at all times relevant herein, defendant The New York Methodist Hospital operated its headquarters at 506 Sixth Street, Brooklyn, New York, 11215.

8. Upon information and belief, defendant also operates hospitals in Brooklyn and Staten Island.

9. Upon information and belief, defendant operates its human resources offices in Queens, New York and said office is responsible for processing FMLA leave requests and related matters.

## STATEMENT OF FACTS

10. Upon information and belief, and at all times relevant herein, defendant was engaged in the business of providing health care and hospital services to the public. See *www.nym.org*.

11. Upon information and belief, and at all times relevant herein, defendant Methodist operates locations in New York and with its affiliates across the United States.

12. Plaintiff was employed by defendant for about 13 years consecutively and continuously ending on or about April 2, 2013.

13. At all times relevant herein, plaintiff was employed by defendant as a file clerk – in the medical records department.

14. For the twelve-month period preceding March 19, 2013 and April 2, 2013, plaintiff worked more than 1250 hours for defendant – plaintiff was a full time employee and worked 40 and more hours a week during this period.

15. At all times relevant herein, plaintiff was employed by defendant at its place of business at 506 Sixth Street, Brooklyn, New York, 11215.

16. Upon information and belief, and at all times relevant herein, the place of business at 506 Sixth Street, where plaintiff was employed, had over 100 employees who were employed by defendant – defendant had thousands of employees. See http://www.nym.org/UploadedDocuments/About-Us/Annual-Reports/Annual_Report_2012.pdf.

17. Upon information and belief, and at all times relevant herein, defendant had annual revenues exceeding tens of millions of dollars.

18. At all times relevant herein, plaintiff was employed by defendant as an hourly employee.

19. Plaintiff was unlawfully terminated/discharged by defendant because she engaged in protected activity in the form of taking FMLA leave.

20. On or about March 19, 2013, plaintiff was informed by her doctor that she needed surgery to treat a medical problem with her foot– a serious and severe health condition. Because of the serious medical condition with plaintiff's foot and the pain she was feeling, plaintiff's doctor scheduled her for surgery on March 28, 2013 – the need for surgery was urgent and not foreseeable.

21. The same day (March 19, 2013) plaintiff was notified by her doctor of the need for surgery and the surgery date, plaintiff notified defendant of the need for surgery and the March 28, 2013 surgery date and requested FMLA leave to cover the date of the surgery and a recovery period of a couple weeks afterwards.

22. By letter dated March 19, 2013, Defendant denied plaintiff's FMLA leave request on the

3   3

grounds that plaintiff did not provide defendant with at least thirty days notice and defendant instructed plaintiff to reschedule her surgery. However, because of the pain plaintiff was feeling, the serious medical nature of her foot condition, and the urgent need for surgery, plaintiff could not delay the surgery.

23. Upon information and belief, defendant contacted plaintiff's doctor without plaintiff's knowledge and/or consent and requested that the doctor cancel plaintiff's surgery. This conduct by the defendant constituted and unwarranted an egregious invasion of plaintiff's privacy and interference with her health and her confidential medical information and affairs.

24. After feeling pain, plaintiff notified her supervisor of her condition and her supervisor advised plaintiff to reschedule plaintiff's surgery to April 19, 2013.

25. Plaintiff was away from work on the date of her surgery on March 28, 2013 and in the days that followed.

26. Plaintiff was notified on or about April 2, 2013 by defendant that she was terminated for taking the leave to have her surgery done – leave that plaintiff was entitled to under the FMLA and leave which was protected under the FMLA.

27. Given her serious medical condition, and the pain she was feeling, plaintiff provided defendant with notice of her serious medical condition and FMLA leave as soon as practicable and reasonable.

28. At all times relevant herein, defendant was a covered employer under the FMLA.

29. At all times relevant herein, plaintiff was a covered employee under the FMLA and was qualified and entitled to the FMLA leave she took in March 2013.

30. The illness suffered by plaintiff for which she took FMLA leave was a qualified and serious illness as defined under the FMLA and was covered by the FMLA.

31. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FMLA RETALIATION/DISCRIMINATION - 29 U.S.C § 2617

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FMLA, 29 USC § 2601 et Seq., and the regulations thereunder.

35. At all times relevant herein, defendant was a covered person or entity within the meaning of the FMLA, 29 USC § 2601 et Seq.

36. Defendant Methodist, discharged/terminated plaintiff, in retaliation/discrimination and in violation of the FMLA including 29 USC § 2615 for engaging in protected activity as laid out above such as exercising her FMLA rights by taking FMLA leave.

### Relief Demanded

37. Defendant's FMLA violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to recover from defendant all her damages including her lost wages such as back pay and front pay/reinstatement, other losses and damages caused, interests, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 2617 (a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

38. Declare defendant (including its FMLA policy, practice and conduct) to be in violation of the rights of plaintiff, under the FMLA - 29 USC § 2601 et Seq., and the regulations thereunder.

39. As to the **First Cause of Action**, award Plaintiff pursuant to FMLA including 29 USC § 2617 all her damages recoverable under the FMLA, including her loss of income such as back pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

40. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

41. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
July 12, 2013

Respectfully submitted,

*/s/ Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com